# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-CV-5217-SVW-KSx | Date | August 31, 2017 |
| Title | *Carina Perez Reyes v. Quest Diagnostics Clinical Laboratories, Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [13]

On June 15, 2017, plaintiff CARINA PEREZ REYES ("Reyes") filed a complaint against Removing Defendant in the Superior Court for the State of California, County of Los Angeles, entitled *Carina Perez Reyes v. Quest Diagnostics Clinical Laboratories, Inc.*, Case No. BC664996 (the "Complaint"). Defendant Quest Diagnostics Clinical Laboratories, Inc. ("Quest") removed the action to this Court. Plaintiff filed a motion to remand on August 11, 2017. For the following reasons, the motion is DENIED. The Court will retain the hearing set for September 11, 2017 at 1:30 p.m. as a status conference.

## I. Legal Standard

Removal to Federal Court is proper when the parties possess a diversity of citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). A defendant or defendants to such an action filed in a State court may have the action removed to the district courts of the United States provided that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). A defendant desiring to remove any action from a state court shall file in the District Court of the United States a Notice of Removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

To support removal based on diversity jurisdiction, the defendant "has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-5217-SVW-KSx | Date | August 31, 2017 |
|---|---|---|---|
| Title | *Carina Perez Reyes v. Quest Diagnostics Clinical Laboratories, Inc.* | | |

## II. Discussion

The parties do not dispute diversity of citizenship. Instead, this motion turns on whether the amount in controversy requirement is met. In the Complaint, Plaintiff seeks lost wages, punitive damages, emotional distress damages and attorneys' fees. Defendant contends that the amount in controversy requirement is met when measured by these metrics

"The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). Where the amount of damages sought by plaintiff is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). In order to establish the amount of emotional distress and punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D.Cal.2002).

On the face of the Complaint, Plaintiff makes a general demand of over $25,000 and seeks damages "in an amount in excess of the state court's minimal jurisdiction (*i.e.* $25,000) for each of its twelve claims stemming from the alleged wrongful termination and employment discrimination. This language supports an inference that the Plaintiff asserts the amount in controversy is $300,000 (*i.e.* $25,000 x 12 claims), thus Plaintiff alleges damages in excess of $75,000. *See generally* Dkt. No. 1 Ex.1.

In further support, Defendant provided six jury verdicts, in cases with facts analogous to the instant case, which awarded emotional distress and punitive damages in amounts far greater than $75,000. For instance, in *Shay v. TG Construction, Inc.*, a jury awarded the plaintiff $137,500 in damages for pain and suffering in a discrimination action where plaintiff alleged he was terminated by defendant after returning to work with crutches after surgery. 2002 WL 31415020 (Los Angeles Super. Ct.). See Dkt. 16, Ex. D. In sum, this evidence establishes by a preponderance that the amount in controversy exceeds $75,000.

## III. Conclusion

_____ : _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-5217-SVW-KSx | Date | August 31, 2017 |
|---|---|---|---|
| Title | *Carina Perez Reyes v. Quest Diagnostics Clinical Laboratories, Inc.* | | |

The motion to remand is DENIED.

It is SO ORDERED.

Initials of Preparer      PMC